351 So.2d 535 (1977)
Don BREWER
v.
STATE of Mississippi.
No. 50259.
Supreme Court of Mississippi.
November 9, 1977.
Robert M. Acevedo, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a conviction for delivery of a controlled substance returned after a jury trial in the Circuit Court of the Second Judicial District of Harrison County, Mississippi. Appellant was sentenced to serve eight years in the Mississippi State Penitentiary.
The indictment in this case charged: "That Don Brewer, Gary Ramon and Theresa *536 Irwin ... did unlawfully, wilfully & feloniously, without authority of law, deliver unto one Mary Blanchard, a certain controlled substance, to-wit: preludin. ..." (Emphasis added). Appellant did not demur or otherwise challenge the sufficiency of the indictment. The evidence adduced at trial showed that preludin contained phenmetrazine, a substance listed in Schedule II of the Schedules of Controlled Substances. Mississippi Code Annotated section 41-29-115 (Supp. 1976). At the conclusion of the state's case, the defendant made a motion to dismiss on the ground that no cause of action was stated by the indictment since it did not charge him with delivery of a substance which was on the statutory schedule. The trial court overruled the defendant's motion and required that the state amend the indictment to set forth the fact that preludin contained phenmetrazine.
Appellant contends on appeal that the indictment was not amendable because it did not charge a crime in the first instance. We agree. Mississippi Code Annotated section 99-7-21 (1972) states as follows:
All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward. The court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared.
This statute applies only to matters of form and not matters of substance. See Hannah v. State, 336 So.2d 1317 (Miss. 1976). The omission of a recital in the indictment that preludin contained phenmetrazine was an omission of substance; and, it was an omission which went to the very heart of the indictment. In Love v. State, 211 Miss. 606, 52 So.2d 470 (1951), this Court quoted with approval from 27 Am.Jur. Indictments and Information section 54 (1940), in part, as follows:
"Every material fact and essential ingredient of the offense  every essential element of the offense  must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment." (211 Miss. at 611, 52 So.2d at 472).
It is clear that in order for the indictment to allege a violation of law that the state had to show by extrinsic evidence that preludin was a substance which contained phenmetrazine. Therefore, an essential ingredient of the indictment was omitted and the indictment was invalid. Under these circumstances the indictment could not be amended. See Wortham v. State, 219 So.2d 923 (Miss. 1969). The instant case bears a close resemblance to Cohran v. State, 219 Miss. 767, 70 So.2d 46 (1954). In that case, the defendant was charged with uttering forged cotton tickets in violation of Mississippi Code 1942 Annotated section 2172 (1956), which made it a violation to deliver for consideration any forged or counterfeited "evidence of debt or engagement for the payment of money." The Court stated that it did not appear from the face of the cotton tickets that they were evidence of debts or engagements for the payments of money. Thus, the Court held:
In this situation it was necessary in order for the indictment to allege any offense whatsoever that the same should have alleged extrinsic facts showing how the writings could have been used as evidences of debt or engagements for the payment of money. The failure to allege such extrinsic facts in connection with the setting forth of the writings which were of no legal efficacy on their face, amounted to more than a formal or other defect that could have been cured by amendment in the event the indictment had been demurred to; the indictment fails to charge any offense whatsoever. (219 Miss. at 775, 70 So.2d at 48).
In the case at bar, it was necessary for the state to prove extrinsic facts, i.e., that preludin contained phenmetrazine, in order *537 to make out a prima facie case since preludin itself is not designated as a controlled substance. The instant case is, in principle, indistinguishable from Cohran and we reach the same conclusion as did the Court there. See also State ex rel. Hubbard v. Spillers, 202 S.E.2d 180 (W. Va. 1974); Hart v. State, 396 S.W.2d 873 (Tex.Ct. of Cr.App. 1965); United States v. Hammers, 241 F. 542 (S.D.Fla. 1917). But see Yingst v. State, 513 P.2d 1322 (Okl.Ct. of Cr.App. 1973); State v. Starks, 419 S.W.2d 82 (Mo. 1967).
We wish to make it clear that we do not disturb by our ruling here cases which hold that an indictment can be amended to correct a misnomer in an address, etc. See, e.g., Sanders v. State, 313 So.2d 398 (Miss. 1975) where an amendment to correct the dollar amount allegedly taken in a robbery was held to be one of form; Torrence v. State, 283 So.2d 595 (Miss. 1973) where an amendment to correct the date on which a crime was alleged to have been committed was held proper; Bennett v. State, 211 So.2d 520 (Miss. 1968) where an amendment changing the description of a stolen watch was held proper; Mills v. State, 231 Miss. 641, 97 So.2d 386 (1957) where an amendment to conform the indictment for theft from partnership to theft from corporation was held proper; Gillespie v. State, 221 Miss. 116, 72 So.2d 245 (1954) where an amendment changing victim's first name to correctly identify him was held proper; Hearn v. State, 219 Miss. 412, 69 So.2d 223 (1954) where an amendment of description of defendant as "owner" to "occupant" of roadhouse wherein he was charged with permitting gambling was held proper; Jones v. State, 215 Miss. 355, 60 So.2d 805 (1952) where an amendment of indictment charging receipt of stolen property so as to supplement but not vary description of the stolen property was held proper. The crucial distinction between such cases and the case at bar is that in the former a crime was charged on the face of the indictment, even though there was an error in a factual recitation. In this case, a comparison of the indictment to the criminal statute would not disclose that a crime was charged.
For the foregoing reasons, the judgment of the lower court is reversed and the defendant is remanded to the custody of the sheriff of Harrison County, Mississippi, to await action of the next grand jury.
REVERSED AND DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF OF HARRISON COUNTY TO AWAIT ACTION OF NEXT GRAND JURY.
PATTERSON, C.J., INZER, and SMITH, P. JJ., ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.