749 So.2d 250 (1999)
Robert PORTER, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 95-KA-1324-COA.
Court of Appeals of Mississippi.
August 24, 1999.
*251 Helen E. Morris, Cleveland, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
EN BANC:

MODIFIED OPINION ON MOTION FOR REHEARING
DIAZ, J., for the Court:
¶ 1. The original opinion is withdrawn, the motion for rehearing is granted, and the following opinion is substituted.
¶ 2. Robert Porter, Jr., has appealed the judgment of the Circuit Court of the Second *252 Judicial District of Bolivar County in which that court adjudicated him to be guilty of the crime of felony DUI and sentenced him to serve a term of four years in an institution under the supervision and control of the Mississippi Department of Corrections. Porter presents five issues for our review and resolution, which five issues we quote verbatim from Porter's brief:
1. The trial court erred in denying defendant's motion to strike the prior convictions and dismiss the indictment on the ground that the prior convictions were not properly set forth and charged in the indictment so as to trigger the felony offense provision of Miss.Code Ann. § 63-11-30 (Cum.Supp.1994), the implied consent law.
2. The trial court erred in permitting defendant to be tried upon an indictment for the felony offense of driving under the influence, as the first three convictions used for enhancement should not have been considered in charging defendant with a subsequent offense. Section 63-11-30 as it appeared when defendant was convicted of the prior offenses in 1988 and 1989, permitted prior offenses to be used for enhancement which were committed [within] a period of five (5) years.
3. The trial court erred in failing to allow the defendant to present evidence to rebut the presumption that the presence of ten one-hundredths percent (.10%) or more by weight volume of alcohol in this defendant's blood impaired his ability to operate a motor vehicle.
4. The foreperson of the jury, Kennedy Johnson, failed to disclose to the court and the parties that he is a former law enforcement officer of the Mound Bayou Police Department when asked concerning the juror's involvement as law enforcement personnel. Said failure to disclose information precluded defendant from effective voir dire.
5. The verdict of the jury was against the overwhelming weight of the evidence; and further that the state failed to prove a prima facie case as charged in the indictment.
Except for Porter's second issue, we resolve all other issues adversely to him. The evidence in the record clearly supports the jury's verdict that Porter was driving under the influence. However, because it was plain error for the circuit court to allow Porter to be convicted and sentenced for a felony under the enhanced DUI statute rather than for a second offense misdemeanor under the provisions of the statute in effect at the time of his arrest, we reverse his conviction of felony DUI but affirm his conviction of misdemeanor DUI and remand for re-sentencing.

I. FACTS
¶ 3. At approximately 10:00 o'clock on the morning of May 13, 1995, Officers Carl Norwood and Jeff Carruth, patrolmen with the Cleveland Police Department, responded to a call at the SuperValu Store in the City of Cleveland. Someone had reported that a man had pulled a gun on a woman in the front of the store. When Officers Norwood and Carruth arrived at the SuperValu Store, they were unable to locate either the woman who reported the incident or anyone at the store who knew about the incident. The two officers resumed their regular patrol by traveling south on U.S. Highway 61.
¶ 4. As they approached the intersection of Lee Street and Highway 61, a man and a woman in a gray car gestured for the officers to stop. Officer Norwood parked the police car in the southeast corner of the intersection. The woman, who was driving the car, told the two officers that she had earlier notified the police that a man pulled a gun on her at the SuperValu store. The woman identified the man as the appellant, Robert Porter, Jr. As the woman began describing Porter's Chevrolet pickup to the officers, she looked south *253 on Highway 61, pointed, and said, "There's the truck right there, and he's driving it."
¶ 5. Porter drove his old Chevrolet pick-up truck off the highway and parked it next to the officers' police car. When Porter got out of his truck, the officers asked him if he had a gun, to which Porter replied that he did not. As the officers approached him, they smelled a strong odor of an alcoholic beverage on Porter's breath. They asked the dispatcher to run Porter's driver's license number. The dispatcher's response was that Porter's driver's license had been suspended. The two officers arrested Porter and transported him to the Cleveland police station. After they had arrived at the police station, Norwood and Carruth waited twenty minutes, as required by law, before Norwood advised Porter about his right to refuse to submit to an intoxilizer test. Porter submitted to the intoxilizer analysis of his blood alcohol content, which analysis determined that it was .164%.

II. TRIAL
¶ 6. The grand jury returned an indictment against Porter for felony DUI, of which we quote the following portion because of its relevance to our resolution of the key issue in this case:
Robert Porter, Jr., ... did unlawfully, wilfully and feloniously drive a vehicle while under the influence of intoxicating liquor, to-wit: over ten one-hundredths percent (.10%) or more by weight volume of alcohol, being a third or subsequent violation, after having been previously convicted of DUI three or more times in the last ten years, the prior convictions being:

 DATE OF
COURT CONVICTION
Municipal Court, Cleveland 07/25/88
Mississippi, # 16-A, Case 1000
Municipal Court, Cleveland 11/14/88
Mississippi, # 16-A, Case 1200
Municipal Court, Cleveland 10/30/89
Mississippi, # 16-A, Case 1323
Circuit Court, 2nd Judicial Dist., 06/18/92
Bolivar County
Cause # 7529

¶ 7. After the jury had been impaneled but before the State called its first witness, Porter moved ore tenus "to strike the prior convictions and dismiss the indictment [because] the prior convictions were not properly ... charged in the indictment so as to trigger the felony offense provision of the implied consent law." The assistant district attorney cited Section 63-11-30(7) to support the indictment, and the trial court denied Porter's motion to strike and to dismiss the indictment. Next, the State moved in limine "that the defense be prohibited from bringing out any testimony as to the fact that the use of alcohol did not impair [Porter's] ability to drive the vehicle in any way." Porter's counsel "vehemently" objected because Porter's defense would be "totally" crippled without such evidence. Nevertheless, the trial court granted the State's motion in limine.
¶ 8. The State called Cleveland police officers Norwood and Carruth to establish the facts which led to their arrest of Porter on the morning of May 13, 1995, and the result of the intoxilizer test administered by Officer Norwood, which was .164% blood alcohol content. The State's final witness was Mississippi Highway Patrol Trooper John N. Watson, who served as the implied consent specialist for the Greenwood Highway Patrol District. Trooper Watson testified that as a certified implied consent specialist, he had tested the intoxilizer located in the Cleveland Police Department Headquarters on April 25, 1995, May 2, 1995, and June 14, 1995, and found the intoxilizer to be functioning within the acceptable tolerance for analysis. Watson explained that to be acceptable, the result of the intoxilizer test must be within .005% of the known value of the solution used to test the intoxilizer.
¶ 9. After the State rested, Porter's counsel moved for a directed verdict on the ground that the State had failed to meet its burden of proof, and the trial court denied the motion. Porter testified in his *254 behalf. Porter admitted that he had drunk a half-pint of Calvert the night before, and he further acknowledged that alcohol from his drinking the night before might well remain in his blood the next morning. On redirect examination, Porter testified that when he stopped at the intersection of Highway 61 and Lee, he "was operating [his] vehicle in a normal manner."
¶ 10. Among the reasons which Porter assigned for a new trial in his motion for JNOV or, in the alternative, motion for a new trial was: "The foreperson of the jury, Kennedy Johnson, failed to disclose to the Court and the parties that he is a former law enforcement officer of the Mound Bayou Police Department when asked concerning the juror's or the juror's spouse's involvement in law enforcement." The trial court denied Porter's motion for JNOV or, alternately, a new trial without further hearing.

III. REVIEW AND RESOLUTION OF THE ISSUES

A. Porter's first issue
¶ 11. For his first issue, Porter chooses to assert that the indictment did not properly set forth his prior convictions "so as to trigger the felony offense provision" of section 63-11-30 of the Mississippi Code. Porter cites Brewsaw v. State, 168 Miss. 371, 151 So. 475 (1933), to support his argument that when the accused is being prosecuted for a misdemeanor enhanced to the status of a felony because of prior convictions of the same misdemeanor, the indictment must charge and proof must show: (1) that the accused had been convicted of a first offense, and (2) that after being convicted of the first offense, he committed the second offense and was convicted as such, and (3) after the successive offenses and convictions in the order aforesaid, he committed the third, or felonious, offense. Not only Brewsaw, but also Page v. State, 607 So.2d 1163 (Miss. 1992), and Ashcraft v. City of Richland, 620 So.2d 1210 (Miss.1993), would support Porter's argument but for the fact that before May 13, 1995, the date of Porter's offense, Section 63-11-30 had been amended by the addition of sub-section (8), which read as follows:
For the purposes of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed.
Miss.Code Ann. § 63-11-30 (Supp.1998).
¶ 12. In Mcllwain v. State, 700 So.2d 586, 589 (Miss.1997), the Mississippi Supreme Court recognized the efficacy of the amendment of Section 63-11-30 by the addition of its sub-section (7), stating:
"Today we specifically overrule Page v. State, 607 So.2d 1163 (Miss.1992) and Ashcraft v. City of Richland, 620 So.2d 1210 (Miss.1993) to the extent that they interpret the statute to require that the indictment must specifically show a previous conviction for D.U.I. First prior to being convicted for D.U.I. Second and a conviction of D.U.I. Second prior to being convicted for D.U.I. Third. The obvious intent of this statute is to remove repeat D.U.I. offenders from our streets. This goal will be better accomplished by simply reading the clear language of [Section 63-11-30(7)]."
Mcllwain nullifies Porter's argument on his first issue, which we resolve adversely to him. This Court affirms the trial court's denial of Porter's motion to strike the convictions and dismiss the indictment.

B. Porter's third issue
¶ 13. Porter's third issue is that it was error for the trial court to deny him the opportunity to present evidence that would rebut what he terms the "presumption" that his blood alcohol content of *255 .164% impaired his ability to operate his vehicle. Porter cites Fisher v. City of Eupora, 587 So.2d 878 (Miss.1991), to support his position on his third issue. In Fisher, the appellant testified that he had been using mouthwash for a sore tooth and that he might have swallowed some of the mouthwash. Id. at 888. Walls, a co-defendant, explained in his testimony that "he had drunk only one beer about fifteen minutes before he was stopped." Id. Walls added that he was taking a prescribed medication when he was arrested. Id. About the appellants' explanations, the supreme court opined: "The jury heard this evidence, weighed it, and ... decided that Fisher and Walls were not credible witnesses." Id. Thus, Porter is correct that the appellants offered evidence bearing upon the question whether or not the appellants were under the influence of intoxicating liquor which had impaired their abilities to operate a motor vehicle.
¶ 14. Nonetheless, in Fisher, the supreme court explained that before July 1, 1988, "a showing of a ten one-hundredths percent (.10%) or more by weight of alcohol in the person's blood gave `rise to a presumption that the person was under the influence of intoxicating liquor.'" Fisher, 587 So.2d at 888. The court continued: "Effective July 1, 1983, the Legislature deleted that language and made it unlawful for a person to operate a vehicle who ha[d] ten one-hundredths percent (.10%) or more by weight volume of alcohol in the blood as shown by a chemical analysis." Id. The supreme court described the crime created by the 1983 amendment as a "per se" violation. Id.
¶ 15. As if to emphasize what the State termed a "logical incompatibility" between the 1983 amendment to Section 63-11-30 and Section 63-11-39(2), a portion of Section 63-11-39(2) is quoted in its brief. We quote this section in full:
No provision of this chapter shall be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the person was under the influence of intoxicating liquor or any other substance which had impaired such person's ability to operate a motor vehicle.
Miss.Code Ann. § 63-11-39(2) (1972) (Repealed, Laws, 1991, ch. 573, § 141). In the case sub judice, the State asserts that "[t]his logical incompatibility is of no concern in the present case, because § 63-11-39(2)... was repealed by the Legislature in 1991." This Court agrees with the State that the repeal of Section 63-11-39(2) in 1991 combined with the 1983 amendment to Section 63-11-30, which the supreme court discussed in Fisher, nullifies Porter's argument that the trial court erred when it sustained the State's motion in limine and thus denied Porter the opportunity of offering evidence that his ingestion of alcohol had not impaired his ability to operate his Chevrolet pickup truck. The repeal of Section 63-11-39(2) denied Porter the opportunity of offering such evidence. Thus, we affirm the trial court's granting the State's motion in limine.

C. Porter's fourth issue
¶ 16. Porter's fourth issue is more of a complaint than an allegation of error on the part of the trial court. Porter argues that even though his counsel inquired of the venire persons during his voir dire whether any of them were law enforcement personnel or whether any of them worked "for the highway patrol, the Cleveland Police Department, Bolivar County Sheriffs Department, [or] any of the law enforcement agencies," one Kennedy Johnson remained silent. Nevertheless, after Porter's trial was over, "it was discovered that ... [Johnson] had failed to be forthcoming and reveal during voir dire examination his experience as law enforcement personnel with the Mound Bayou Police Department." Before this Court, Porter asserts his right "as guaranteed by the Sixth Amendment" to an impartial jury, and he contends that "[i]t is clear that Mr. Johnson's experiences in law enforcement *256 would have a material effect on his decision making processes, thereby affecting the fairness of the entire trial."
¶ 17. The State counters with two arguments. First, it asserts that the issue is procedurally barred because, other than Porter's allegation in his post-conviction motion that Kennedy Johnson had served on the Mound Bayou Police Department, the record contains no evidence to support the allegation. Secondly, the State engages in a slightly tedious analysis to demonstrate that Porter's counsel's voir dire questions required no response from Johnson, who was no longer a law enforcement officer.
¶ 18. As the supreme court explained in Saucier v. State, 328 So.2d 355, 357 (Miss.1976):
This Court can act only on the basis of the contents of the official record, as filed after approval by counsel for both parties. It may not act upon statements in briefs or arguments of counsel which are not reflected by the record.
Porter's allegation that Johnson had served as a member of the Mound Bayou Police Department contained in his post-conviction motion is insufficient to present that allegation as a matter of fact for our review. In Gordon v. State, 349 So.2d 554, 555 (Miss.1977), the supreme court opined:
The general rule is that a motion is at issue without any further pleading, but the allegations thereof do not amount to any proof of the facts stated therein. It devolves upon the movant to support his motion by proof. It is also the rule that in the absence of proof in support of a motion, the presumption in favor of the correctness of the action of the trial court must prevail.
(citations omitted).
¶ 19. Because the unsupported allegation in Porter's post-conviction motion that Kennedy Johnson had been a member of the Mound Bayou Police Department is an insufficient basis in the record for this court's resolution of Porter's fourth issue, and because this Court cannot accept allegations contained only in briefs of the litigants before us, this Court declines to resolve Porter's fourth issue. However, Mhoon v. State, 464 So.2d 77, 81 (Miss. 1985) offers Porter little support for his position on his fourth issue. In Mhoon, the supreme court reversed and remanded for a new sentencing hearing because a policeman served on the appellant's jury as its foreman only because the appellant had exhausted his peremptory challenges to eliminate as many as twelve other members of the venire who were either law enforcement officers or were related to law enforcement officers. Mhoon, 464 So.2d at 81. Nevertheless, the supreme court opined: "This Court does not hold that a person engaged in law enforcement, or related by blood or marriage to one engaged in law enforcement, should be per se excluded from jury service." Id. at 82. See also Walker v. State, 671 So.2d 581, 624 (Miss.1995) (holding that police officer was not required to be removed from a capital murder jury panel even though he stated during voir dire of the venire panel that due to seriousness of charge of capital murder, guilty verdict should be followed by death penalty and further noting that there was no automatic rule that law enforcement officers or their relatives could be challenged for cause).
¶ 20. Even if the record in the case sub judice established that Kennedy Johnson had once served as a law enforcement officer with the Mound Bayou Police Department, that fact alone would have been insufficient to warrant the trial judge's granting Porter's motion to challenge Johnson for cause, had she in fact challenged him for cause. We reiterate, however, that we resolve this issue adversely to Porter because the record does not contain any evidence that Kennedy Johnson had been an officer serving on the Mound Bayou Police Department.

D. Porter's fifth issue
¶ 21. In his fifth issue, Porter argues both that the State "failed to prove a prima *257 facie case as charged in the indictment" and that "the verdict of the jury was against the overwhelming weight of the evidence." His argument appears directed toward the State's use of Porter's earlier convictions of DUI to support his indictment for felony DUI because Porter asserts, "Since the prior convictions were not properly charged, the indictment fails, or, at the very least, the prima facie case against Defendant lacks the necessary elements to withstand this Court's review." Porter offers no analysis of the State's evidence against him to suggest that the evidence was insufficient to support the jury's verdict that he was guilty of driving under the influence or that the jury's verdict that he was guilty of driving under the influence was against the overwhelming weight of the evidence. Nevertheless, this Court elects to resolve Porter's fifth issue within its broadest scope.

1. Sufficiency of the evidence
¶ 22. In Brooks v. State, 695 So.2d 593, 594 (Miss.1997), the Mississippi Supreme Court again recited the following standard of review to be "applied when the assignment of error turns on the sufficiency of evidence":
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidencenot just that supporting the case for the prosecutionin the light most consistent with the verdict. We give the prosecution the benefit of all inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point[] in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is beyond our authority to disturb.
(citations omitted). This standard of review permits this Court to reverse the trial court's judgment of Porter's guilt of driving under the influence, whether felony or misdemeanor, only if it can say that "the facts and inferences [in the case sub judice] so considered point[] in favor of [Porter] with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty...." See Brooks, 695 So.2d at 594.
¶ 23. "[I]n a criminal prosecution, the State has the burden of proving beyond a reasonable doubt each element of the offense charged." Bullock v. State, 447 So.2d 1284, 1286 (Miss.1984). In Bullock, the supreme court explained:
Once the jury has returned a verdict of guilty in a criminal case, we have no authority to order discharge of the defendant unless the evidence, taken in the light most favorable to the verdict, is such that on one or more elements of the offense charged, no reasonable hypothetical juror could have found against the defendant beyond a reasonable doubt.
Id.
¶ 24. Effective July 1, 1983, driving under the influence (DUI) became what the supreme court called a "per se" violation when Section 63-11-30 was amended to provide that a showing of a ten one-hundreds percent (.10%) or more by weight of alcohol in the person's blood gave "`rise to a presumption that the person was under the influence of intoxication liquor.'" Fisher, 587 So.2d at 888. Porter does not attack the accuracy of the intoxilizer's analysis of his blood alcohol content, which was .164%. This was the evidence that mattered so far as determining whether Porter was guilty of driving under the influence. Therefore, our standard of review requires that we find that the evidence *258 was sufficient to support the jury's verdict that Porter was guilty of driving under the influence.

2. Overwhelming weight of the evidence
¶ 25. Rule 6.01 of the Uniform Rules of Circuit and County Court provides that "[r]ule Series 6 through 12 are applicable only to criminal proceedings." URCCC 6.01. Rule 10.05 authorizes the court to "grant a new trial on any of the following grounds: ... If the verdict is contrary to law or the weight of the evidence." URCCC 10.05. The trial judge employs his sound discretion in deciding whether a new trial is required in the interest of justice or whether the jury's verdict is contrary to law or against the weight of the evidence. Wetz, 503 So.2d at 812. A new trial should not be granted unless the jury's verdict is "so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Id.; Malone v. State, 486 So.2d 360, 366 (Miss. 1986); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). The motion for new trial is not considered de novo on review. Veal v. State, 585 So.2d 693, 695 (Miss.1991).
¶ 26. We refer to our immediately preceding determination that the evidence was sufficient to support the jury's verdict that Porter was guilty of DUI in which we adopted the supreme court's description of DUI as a "per se" violation. Porter adduced no evidence to weigh against the accuracy of the intoxilizer's test of his blood alcohol content. Therefore, affirming Porter's conviction of driving under the influence from the evidentiary perspective is hardly the "sanction [of] an unconscionable injustice." To summarize, we conclude that sufficient evidence supported the jury's verdict that Porter was guilty of driving under the influence of alcohol and that its verdict was not against the overwhelming weight of the evidence.

E. Porter's second issue

1. Arguments by Porter and the State
¶ 27. Our resolution of Porter's second issue required that we resolve his other four issues first. For his second issue, Porter argues that the trial court erred in permitting him to be tried on the indictment because the State ought not to have used the first three convictions to charge him with felony DUI. The basis for Porter's argument is that Miss.Code Ann. § 63-11-30, as it was in effect on May 13, 1995, permitted only prior offenses within five years of the date of the alleged DUI to be used to enhance what would otherwise be a misdemeanor to the status of a felony. The State counters that Porter waived this issue because his counsel failed to demur to the indictment before the jury was impaneled as Section 99-7-21 of the Mississippi Code of 1972 requires. However, in its brief, the State concedes that:
There may be an ex post facto problem of another sort, however. Although this point was not raised by Porter either at trial or in his brief, the [State] is duty-bound to note that the effective date of the 1995 amendment of § 63-11-30, which changed the sub-section (2)(c) period for inclusion of prior D.U.I. convictions from five years to ten years, was July 1, 1995.[1] Although Porter was indicted, convicted and sentenced after that date, his crime was committed on May 13, 1995, which was after enactment of the amended statute but prior to its effective date. Thus, the law in effect at the time of Porter's crime permitted the use of prior convictions for enhanced-penalty purposes only if they occurred within the preceding five years.
The State's solution to this ex post facto problem is the following proposition: "[T]his issue was waived because it was not attacked by way of demurrer and, *259 additionally, is procedurally barred because it was not addressed in the trial court at all."

2. Resolution of the issue
¶ 28. Since May 1, 1995, the Uniform Circuit and County Court Rules have applied to matters of procedure in "both circuit and county court unless otherwise indicated." URCCC 1.01. Rule 6.01 further provides that "Rule Series 6 through 12 are applicable only to criminal proceedings." URCCC 6.01. Rule 7.09 addresses the amendment of indictments by providing that "[a]ll indictments may be amended as to form but not as to the substance of the offense charged." URCCC 7.09. Rule 7.09 further allows an indictment to be amended "to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e. g., driving under the influence, Miss.Code Ann. § 63-11-30)." Id. No rule in "Series 6 through 12" of the Uniform Circuit and County Court Rules addresses demurrers or motions to quash indictments.
¶ 29. However, Section 99-7-21 of the Mississippi Code, on which the State relies in its argument to oppose Porter's stance on this issue, commands that "[a]ll objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before ... the jury shall be impaneled in all other cases, and not afterward." Miss.Code Ann. § 99-7-21 (Rev.1994). In Brandau v. State, 662 So.2d 1051, 1053 (Miss.1995), the appellant raised for the first time in his petition for rehearing the failure of the State to conclude his indictments with the phrase, "against the peace and dignity of the State of Mississippi," as required by Section 169 of the Mississippi Constitution. The supreme court held that "the formal defect [was] curable by amendment." Id. at 1055. Therefore, the supreme court concluded that this defect was "subject to waiver for the failure to demur to the indictment in accordance with [Section 99-7-21]." Id. See also Bolen v. State, 309 So.2d 524, 525 (Miss.1975) (holding that failure of indictment to specify in which of the two judicial districts of Panola County the crime occurred "was a formal defect and could be amended, and being amendable the defect [could not] be raised for the first time in this Court").
¶ 30. Conversely, an indictment which does not initially charge a crime cannot be amended. In Brewer v. State, 351 So.2d 535, 536 (Miss.1977), the grand jury indicted the appellant for the delivery of a controlled substance, preludin. Preludin was not a controlled substance, although it contained phenmetrazine, which was a substance listed in Schedule II of controlled substances found in Miss.Code Ann. § 41-29-115. Id. The appellant neither demurred nor otherwise challenged the sufficiency of the indictment, but the State's evidence established that preludin contained phenmetrazine. Id. When the State rested, the appellant moved "to dismiss on the ground that no cause of action was stated by the indictment since it did not charge him with delivery of a substance which was on the statutory schedule." Id. The trial court denied appellant's motion and instead required the State to amend the indictment to state that preludin contained phenmetrazine. Id.
¶ 31. The supreme court asserted, "Appellant contends on appeal that the indictment was not amendable because it did not charge a crime in the first instance. We agree." Brewer, 351 So.2d at 536. The court explained that Section 99-7-21 "applies only to matters of form and not matters of substance." Id. Compare Rule 7.09, which reads, "All indictments may be amended as to form but not as to the substance of the offense charged." URCCC 7.09. The Brewer court reversed the appellant's conviction and remanded him to the custody of the sheriff to await the action of the next grand jury. Id. at 537.
*260 ¶ 32. In Copeland v. State, 423 So.2d 1333, 1336 (Miss.1982), the grand jury indicted the appellant for selling "a quantity of methylenedioxy amphetamine, a controlled substance." Methylenedioxy amphetamine, as distinguished from "3, 4 methylenedioxy amphetamine" was not then a controlled substance. Id. The State argued that the omission of the numerals "3, 4" was a matter of form and therefore amendable under Section 99-7-21. Id. Like the State in the case sub judice, the State argued that Copeland had waived the omission because he filed no demurrer to the indictment. Copeland, 423 So.2d at 1336. The supreme court held that "the indictment failed to charge a crime and is therefore void." Id. at 1337. As it did in Brewer, the supreme court remanded Copeland to the custody of the sheriff to await the action of the next grand jury. Id.
¶ 33. For other cases in which the Mississippi Supreme Court has found the defect in the indictment to be a matter of substance rather than a matter of form and thus not waived by the defendant's failure to demur to the indictment, see Watson v. State, 291 So.2d 741, 743 (Miss. 1974) (holding that indictment's failure to specify the felony of which appellant had been charged where crime was the possession of a firearm as a convicted felon was not a formal defect which could be corrected by amendment so that appellant's failure to demur to the indictment did not waive the defect); Meyer v. State, 193 So.2d 728, 729 (Miss.1967) (holding that indictment's failure to name the owner of the property allegedly embezzled was not a formal defect that could be corrected by amendment so that the appellant's failure to demur to the indictment did not waive the defect).
¶ 34. Whether an indictment is fatally defective is "an issue of law and deserves a relatively broad standard of review by this Court." Peterson v. State, 671 So.2d 647, 652 (Miss.1996). The State concedes that on the date Porter was arrested, May 13, 1995, § 63-11-30(2)(c) required two or more DUI offenses to have occurred within five years prior to the offense with which the defendant currently was charged in order for the enhanced penalty to apply. That period was enlarged to ten years on July 1, 1995, nearly two months after the incident which lead to the felony DUI charge against Porter. Only one of his four prior convictions, however, occurred within five years of the May 13, 1995 date. Since the defect in the indictment was one of substance which could not be cured by amendment, it was not waived by his attorney's failure to demur. However, by failing to raise the ex post facto argument at trial, Porter's right to raise it on appeal is procedurally barred.
¶ 35. Article 3, section 16 of the Mississippi Constitution of 1890 prohibits those laws which retroactively change the definition of crimes or increase the punishment for criminal offenses. Puckett v. Abels, 684 So.2d 671, 673 (Miss.1996). An ex post facto problem may be avoided, however, by charging and sentencing the defendant according to the statute applicable at the time of his offense. Johnston v. State, 618 So.2d 90, 94 (Miss.1993). Clearly, Porter should have been charged and sentenced according to the five-year parameters contained within the version of § 63-11-30(2)(c) in effect at the time of his May 13, 1995 offense. However, as discussed in Porter's first issue, at trial, he challenged only the sufficiency of the indictment in setting out his prior convictions as first, second and successive offenses. When, as in the case subjudice, an ex post facto claim has not been raised in the trial court, it is procedurally barred from appellate review. Barnett v. State, 725 So.2d 797, 802 (Miss.1998); Butler v. State, 608 So.2d 314, 321 (Miss.1992).
¶ 36. Procedural bar notwithstanding, we may address the issue under the plain error doctrine to determine whether the circuit court erred in allowing *261 Porter to be convicted and sentenced under the felony DUI provisions of the statute. M.R.E. 103(d). The Mississippi Supreme Court has stated that an error is "plain" only when it "affects substantive rights of the defendants." Grubb v. State, 584 So.2d 786, 789 (Miss.1991). The plain error doctrine has been construed to include anything that "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Our analysis, therefore, necessarily includes a determination of whether there is, in fact, "error," that is, some deviation from a legal rule; that error is "plain" or "clear" or "obvious;" and it is prejudicial in its effect upon the outcome of the trial court proceedings. Id. at 732-735, 113 S.Ct. 1770.
¶ 37. Looking first at whether there was some deviation from a legal rule such as to constitute "error," we reiterate that Porter was convicted and sentenced under the provisions of an amendment to the DUI statute which went into effect some two months after his arrest; not the statute in effect at the time of his arrest. Where, as in the case sub judice, this results in a tougher sentence or a redefinition of the crime with which the defendant was charged, an ex post facto problem arises. Allowing Porter to be convicted and sentenced under the provisions of the statute as it was amended several months after the offense was committed, indeed, was a deviation from an established legal rule.
¶ 38. Despite Porter's attorney's failure to pursue the matter at the trial or pre-trial stage, the error appears to us to be "clear" and "obvious." The State concedes as much. Applying the Mississippi Supreme Court's definition of "plain," we acknowledge that Porter's substantive rights were affected by the application of the amended provisions of § 63-11-30(2)(c), rather than those in effect at the time of the May, 13, 1995. His liberty interests clearly were abridged by his conviction and sentencing under the enhanced provisions of the amended statute charging him with a felony rather than a misdemeanor. Porter thus was prejudiced by the error, satisfying the third prong of the plain error analysis. While the evidence clearly supports his DUI conviction, he was sentenced for a felony rather than a second offense misdemeanor, a term in excess of that which he would have been required to serve under the provisions of the statute in effect at the time of the offense.
¶ 39. Because it was plain error to convict and sentence Porter for a felony DUI conviction rather than a second offense misdemeanor, we reverse and remand for re-sentencing in accordance with the provisions of § 63-11-30(2)(c) in effect in at the time of his arrest.
¶ 40. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF BOLIVAR COUNTY ADJUDICATING THE APPELLANT GUILTY OF FELONY DUI AND ITS SENTENCE OF THE APPELLANT TO SERVE A TERM OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED ARE REVERSED BUT APPELLANT'S CONVICTION OF DUISECOND OFFENSE, A MISDEMEANOR, IS AFFIRMED. THIS CASE IS REMANDED FOR THE TRIAL COURT'S RESENTENCING OF PORTER AS A CONVICT OF THE MISDEMEANOR OF DRIVING UNDER THE INFLUENCE OF ALCOHOLSECOND OFFENSE. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, LEE, and MOORE, JJ. NOT PARTICIPATING.
NOTES
[1] Laws, 1995, Chapter 540, § 6, p. 664, approved April 6, 1995.