GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Following a trial by jury, Stacy Marshall was found guilty of possession of cocaine and sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections, with twenty-five years to serve and the remaining five years conditionally suspended on his successful completion of the community service program of the Jones County Circuit Court. Marshall now appeals and argues that: (1) the circuit court permitted plain error by allowing the State to make multiple references to Marshall’s right to remain silent and his right not to testify against himself; (2) the circuit court permitted plain error by allowing the State to make comments attacking the truthfulness of defense counsel; and (3) the cumulative effect of all errors requires reversal. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. After conducting surveillance, the Laurel Police Department obtained a search warrant for the home of Marshall’s relatives. When the search warrant was executed, Marshall ran out the back door and was apprehended by the police. A lockbox was found in one of the bedrooms of the house, and the only key found during the search that would open the box was in Marshall’s pocket. The key was used to open the box, and over two pounds of cocaine were found inside. A scale used to measure the cocaine was also found near the box.
 

 ¶ 3. Marshall was charged with possession of cocaine within 1,500 feet of a church; however, the State failed to put forth any evidence of the distance between the house and the church, so the enhancement was dropped. The jury found Marshall guilty of possession of more than thirty grams of cocaine.
 

 STANDARD OF REVIEW
 

 ¶ 4. There were no contemporaneous objections made at trial regarding any of Marshall’s assignments of error on appeal. As such, he asks this Court to review his claims under the plain-error doctrine. “The plain[-]error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice.”
 
 Williams v. State,
 
 794 So.2d 181, 187(¶ 23) (Miss.2001) (citing
 
 Gray v. State,
 
 549 So.2d 1316, 1321 (Miss.1989)). “Further, [the appellate court] applies the plain[-]error rule only when it affects a defendant’s substantive/fundamental rights.”
 
 Id.
 
 (citing
 
 Grubb v. State,
 
 584 So.2d 786, 789 (Miss.1991)).
 

 ANALYSIS
 

 1. Whether the circuit court permitted plain error by allowing the State to make multiple references to Marshall’s right to remain silent and his right not to testify against himself
 

 
 *1196
 

 a. The Prosecutor’s Direct Examination of the Narcotics Agents
 

 ¶ 5. Marshall first argues that his conviction should be reversed because the State was allowed to comment on his right to remain silent and his right not to testify against himself. The State responds that this issue was waived as there was no contemporaneous objection made. Even so, the State claims the issue has no merit because the prosecutor was merely responding to arguments made by defense counsel.
 

 ¶ 6. Marshall points to several instances in the transcript of the trial where he alleges that the State commented on his right to remain silent. The first instance is the testimony of Robert Strickland, a narcotics agent with the Laurel Police Department. On redirect, the State asked Strickland the following questions:
 

 Q: Did you ever hear Mr. Marshall or did Mr. Marshall ever state to you that that was not his key on his key chain?
 

 A: No.
 

 Q: Did you ever hear Mr. Marshall make any comments about how the key got on his key chain?
 

 A: No, I didn’t. I didn’t hear it.
 

 Q: To your knowledge did he make any such statement?
 

 A: Later on he made a statement that it was his.
 

 ¶ 7. The State also called Mitch Van Syckel, a narcotics officer with the Laurel Police Department. He testified that the key found on Marshall opened the lockbox. The prosecutor asked this witness:
 

 Q: When Mr. Bounds opened that safe up and started pulling out this cocaine, did Mr. Marshall over there say anything?
 

 A: I don’t recall, sir.
 

 ¶ 8. Marshall made no objections on the grounds of a violation of his Fifth Amendment right to remain silent. He thus relies on plain error; however, we do not find that this issue resulted in a manifest miscarriage of justice. Finding no plain error, this issue is procedurally barred.
 

 ¶ 9. Despite the procedural bar, the error, if any, was harmless and “unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.”
 
 Williams v. State,
 
 761 So.2d 149, 154(¶ 18) (Miss.2000) (citations omitted). The silence alluded to by the prosecutor’s questioning in no way prejudiced Marshall’s case presented to the jury. As to ownership of the key, the testimony showed that Marshall later admitted that the key was his. Regarding his silence as the lockbox was opened, the officer’s testimony was that he could not recall whether Marshall made a statement or not. Accordingly, this issue has no merit.
 

 b. The Prosecutor’s Comments During Closing Argument
 

 ¶ 10. Additionally, Marshall claims that the State improperly commented on his right not to incriminate himself when the prosecutor stated during closing argument, “There ain’t no [sic] evidence. Ain’t no [sic] evidence he’s not guilty.” He argues that this statement by the prosecutor placed the burden on Marshall to take the stand and put on evidence of his innocence.
 

 ¶ 11. Again, we find that this statement does not constitute plain error. It did not “seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings.”
 
 Porter v. State,
 
 749 So.2d 250, 261(¶ 36) (Miss.Ct.App.1999) (quoting
 
 United States v. Olano,
 
 507 U.S. 725, 732-
 
 *1197
 
 35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). As such, this claim is procedurally barred.
 

 ¶ 12. Regardless of the procedural bar, we find no error in the prosecutor’s comments. “Attorneys are allowed wide latitude in closing arguments.”
 
 Howell v. State,
 
 860 So.2d 704, 751(¶ 169) (Miss.2003) (citing
 
 Holly v. State,
 
 716 So.2d 979, 988(¶ 33) (Miss.1998)). This Court must consider the allegedly improper statement in the context in which it was made.
 
 Id.
 
 at 752(¶ 169) (citing
 
 Ballenger v. State,
 
 667 So.2d 1242, 1270 (Miss.1995)). The supreme court has held:
 

 although a direct reference to the defendant’s failure to testify is strictly prohibited, all other statements must necessarily be looked at on a case[-]by[-]case basis. There is a difference, however, between a comment on the defendant’s failure to testify and a comment on the failure to put on a successful defense. Moreover, the State is entitled to comment on the lack of any defense, and such comment will not be construed as a reference to a defendant’s failure to testify by innuendo and insinuation.
 

 Strahan v. State,
 
 729 So.2d 800, 807(¶ 27) (Miss.1998) (internal citations and quotations omitted).
 

 ¶ 13. When viewed in context, the prosecutor’s comments in this case referred to Marshall’s lack of defense and not to his failure to testify. In his opening statement, Marshall’s attorney told the jury that the cocaine was not Marshall’s. He further stated that he would show the jury to whom the drugs actually belonged. He implied numerous times that it was Marshall’s relatives, and not Marshall, who owned the drugs. However, there was no evidence at trial that any of Marshall’s relatives possessed the drugs. Marshall did not present any evidence whatsoever; thus, the prosecutor’s comment that there was no evidence that Marshall was not guilty referred to the promise made by Marshall’s counsel that he would prove that someone else, and not Marshall, was in possession of the cocaine.
 

 ¶ 14. Further, the prosecutor’s comment did not specifically reference Marshall’s right not to testify. He did not reference evidence that only Marshall could personally rebut. He merely made a general statement that there was no evidence presented — evidence promised by Marshall’s counsel — proving that someone other than Marshall possessed the cocaine. Such a statement is permissible as it directly refers to Marshall’s lack of a defense. Accordingly, this issue has no merit.
 

 2. Whether the circuit court permitted plain error by allowing the State to make comments attacking the truthfulness of defense counsel.
 

 ¶ 15. Marshall also contends that the prosecutor’s comments during closing argument attacked the truthfulness of the statements made by his counsel during closing argument. The State responds that this assignment of error was also waived as there was no objection made at trial. Further, the State claims that this issue is lacking in merit.
 

 ¶ 16. After Marshall’s counsel delivered his closing argument to the jury, the prosecutor stated the following in rebuttal:
 

 I just get a little bit outraged at some of the excuses that some of these lawyers can come up with.
 
 You know, this is supposed to be about a search. But what is the truth? Ain’t that all we need to worry about today? What is the truth about this today? That’s all we need to be concerned about.
 

 You know, I’ve heard this gentlemen get up here that’s a lawyer, this gentleman from Jackson come up here with Stacy
 
 *1198
 
 Marshall, and say to you this morning, you know, I try to — you know,
 
 you’ve got a right to be told the truth by the lawyers too.
 
 Let me say this, what I say is not evidence in this case. What he says is not evidence. When you took an oath this morning and you swore before God that you would go by the evidence. That’s the evidence, what the people said from the witness stand. That’s the evidence. Not what I say or what he says or he says or anybody else says.
 

 (Emphasis added).
 

 ¶ 17. Marshall claims that the emphasized portion of this statement impugned the honesty of his counsel. However, Marshall’s counsel failed to object at trial. We do not find that this statement, when read in context, called into question the fairness of Marshall’s trial; thus, no plain error exists, and Marshall is procedurally barred from raising this issue on appeal.
 

 ¶ 18. The procedural bar notwithstanding, this issue has no merit. It is true, as Marshall argues, that this Court condemns any unwarranted personal attacks upon defense counsel.
 
 See Edwards v. State,
 
 737 So.2d 275, 300-01(¶ 56) (Miss.1999). However, as we review the prosecutor’s comments in the context of the comments made by defense counsel, it becomes clear that the prosecutor was responding to Marshall’s theory of the case and was in no way personally attacking the truthfulness of Marshall’s counsel.
 

 ¶ 19. Throughout the trial, Marshall’s theory was that the cocaine belonged to his relatives and not to him. In his opening statement, Marshall’s counsel made it clear that Marshall did not own the home in which the cocaine was found; instead, he was just visiting his family. He promised repeatedly that the jury would be shown exactly who possessed the cocaine, and he concluded by warning the jury to “listen to the evidence and the investigation and it will reveal clearly whose cocaine this was.”
 

 ¶ 20. However, Marshall presented no evidence at trial. Instead, the entirety of the evidence proved that Marshall ran from the police; Marshall possessed the only key that would open the lockbox containing the cocaine; and Marshall’s picture identification card was found in a Walmart bag containing the receipt for the lockbox.
 

 ¶ 21. Marshall continued the same defense throughout the closing arguments, even though there was no evidence that the cocaine belonged to his relatives. His counsel stated the following:
 

 This cocaine was found in his relative’s home in Laurel at this particular residence in the children’s bedroom. [Marshall] doesn’t have any children that live at that residence. Those people who own that house, who are [nowhere] to be found in here, they’re just leaving him to be charged with this, they’re just leaving him and hoping that they don’t get caught because they thought that leaving it in the children’s bedroom they wouldn’t be responsible for this. And they don’t care that he’s been charged. They just don’t want to be charged with this. That is very, very unfair.
 

 [[Image here]]
 

 [His family is] going to stay as far away as they can from this courtroom because they do not want to be found responsible for what they had in their home and having activities going on. And now that he’s been arrested, they want you [ ] to convict him for it.
 

 Defense counsel concluded by saying that the defense had clearly shown the jury who owned the cocaine. Thereafter, the prosecutor made the comments in question regarding the excuses some lawyers come
 
 *1199
 
 up with and the jury’s right to be told the truth by the lawyers.
 

 ¶ 22. The prosecutor’s comments were merely references to the fact that there was no evidence to support these arguments made by defense counsel. It does not constitute error for the prosecutor to comment on “the paucity of evidence before the jury to support the defendant’s defense.”
 
 Moss v. State,
 
 727 So.2d 720, 727(¶ 31) (Miss.Ct.App.1998) (citations omitted). The prosecutor stated that the jury was not being told the truth because Marshall’s counsel repeatedly blamed Marshall’s relatives despite the overwhelming evidence that Marshall constructively possessed the cocaine and the lack of evidence that the relates possessed the cocaine. We find no reversible error in the prosecutor’s statements during closing argument. Accordingly, this issue has no merit.
 

 8. Whether Marshall is entitled to relief based on the cumulative errors committed at trial.
 

 ¶ 23. Finally, Marshall argues that this Court should grant his requested relief based on the cumulative errors committed at trial. However, we have found that each of Marshall’s assignments of error is without merit. “As there was no reversible error in any part, so there is no reversible error to the whole.”
 
 McFee v. State,
 
 511 So.2d 130, 136 (Miss.1987). Accordingly, this issue is also without merit.
 

 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY-FIVE YEARS TO SERVE AND FIVE YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ, IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.