# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-KA-00062-SCT

*RICHARD J. LEUER, JR.*

*v.*

*CITY OF FLOWOOD*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/01/1997 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM P. FEATHERSTON, JR. |
| ATTORNEY FOR APPELLEE: | MICHAEL A. BOLAND |
| DISTRICT ATTORNEY: | JOHN T. KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 6/24/1999 |
| MOTION FOR REHEARING FILED: | 7/22/99; denied 09/23/99 |
| MANDATE ISSUED: | 09/30/99 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Richard Leuer appeals an October 1, 1997, order of the Rankin County Circuit Court affirming his

conviction for driving under the influence of intoxicating liquor pursuant to then applicable Miss. Code Ann. § 63-11-30 (1)(a) (1995) and careless driving in violation of Miss. Code Ann. § 63-3-1213 (1996). Leuer now asks this Court to consider for the first time whether both statutes are facially void for vagueness and thus in violation of the due process clauses of the Fifth and Fourteenth amendments to the United States Constitution and Art. 3, § 14 of the Mississippi Constitution of 1890. We conclude that both § 63-11-30 (1)(a) and § 63-3-1213 provide drivers with adequate notice of the conduct for which they are subject to be penalized. Thus, the judgment of the circuit court is affirmed.

## I.

¶2. Richard Leuer, a licensed driver in the State of Indiana, was taken into custody and charged with DUI and careless driving after he was stopped on Old Brandon Road in Rankin County at 2:30 a.m. on November 11, 1995. Officer Brian Harper of the Flowood Police Department stopped Leuer after he observed his vehicle run off the road onto the shoulder, make a left turn and then go out into the middle of the roadway. He testified that Leuer smelled strongly of alcohol, his eyes were glassy and he was having a little difficulty with his speech. Leuer admitted that he had had two or three bourbon and Cokes earlier in the evening, around 10:00 or 10:30 p.m. He denied having anything to drink subsequently. At the time he was stopped by Officer Harper, Leuer testified that his date was sick and he had been looking for a place by the side of the road for her to throw up.

¶3. At the police station, Leuer stated that he tried to blow into the intoxilyzer but could not make it register. He recalled that Harper told him that he was "huffing" it. Harper contends that Leuer refused to take the breath test. Leuer's test card indicated that no test results were obtained. No blood test was requested or given.

¶4. Leuer filed a motion to dismiss the charges on June 14, 1996, asserting that the laws under which he was charged were unconstitutionally vague "in that they fail to give adequate notice of the conduct they seek to prohibit." A bench trial was held on August 21, 1996, in the County Court of Rankin County, and Leuer was found guilty as charged. He was sentenced to pay a $50 fine and a $19 assessment for the careless driving charge. For the DUI charge, he further was ordered to pay an $800 fine plus assessments of $137, to attend the MASEP driving course in Mississippi or a similar course in his home state of Indiana, where he was licensed, as well as one session of the Victim's Impact Response Seminar, and to serve a term of forty-eight hours in the Rankin County Jail, with credit given for the twelve hours he was detained after his arrest. Leuer then appealed the County Court judgment to the Circuit Court of Rankin County, where his conviction was affirmed.

## II.

¶5. Leuer first asserts that Miss. Code Ann. § 63-11-30(1)(a)(1995) (as enacted by 1995 Miss. Laws Ch. 540), the statute under which he was convicted, fails to adequately advise citizens as to how much an individual may drink without subjection to criminal penalties. He further contends that it does not provide law enforcement officers with adequate guidance in its enforcement and thus is unconstitutionally vague. Miss. Code Ann. § 63-11-30(1)(a) proscribes the "operation of vehicle while under the influence of intoxicating liquor, drugs or controlled substances, or other substances impairing ability to operate vehicle or with blood alcohol concentrations above specified levels," stating that "(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor...."

¶6. Miss. Code Ann. § 63-11-30(1)(a) comes into play primarily in those instances where there were no accurate test results, where an individual tested below the .10% level [at which point one is deemed per se to be in violation of the DUI law pursuant to Miss. Code Ann. § 63-11-30(1)(c)], or where a DUI test has been refused.

¶7. Presiding Justice Sullivan has explained the distinction between common law DUI and § 63-11-30(1)(c) thusly:

> The distinction between "common law" DUI and DUI per se was made in ***Hedrick v. State***, 637 So. 2d 834 (Miss. 1994). In interpreting 63-11-30(1) and (4) in an attempt to analyze whether Hedrick violated 63-11-30(4) for purposes of the felony when one kills or maims a victim while violating 63-11- 30(1), Hedrick stated that the elements are "operating a vehicle under the influence of intoxicating liquor, or operating a vehicle with ten one- hundredths percent or more...." ***Hedrick***, 637 So. 2d at 837. *See also **Fisher v. City of Eupora***, 587 So. 2d 878 (Miss. 1991). By definition, the two subsections of 63-11-30(1) pertaining to common law DUI and per se DUI require different standards for determining a violation of the separate crime:

> [I]t is the opinion of this office that the first block, charging DUI under Sec. 63-11-30(1)(a), should be checked by the officer either when test results are not available or the results that are available show a BAC [blood alcohol content] of less than .10%, and when the officer has probable cause to believe that the person is driving or operating a vehicle under circumstances indicating that his ability to so drive or operate the vehicle has been impaired by the ingestion of intoxicating liquor. The third block, charging an offense under Sec. 63-11-30(1)(c), should be checked when test results are available and are sufficient to give the officer probable cause to believe that the person is driving or operating a vehicle with a BAC of .10% or more.

***Young v. City of Brookhaven**, 693 So. 2d 1355, 1363-64 (Miss. 1997) (Sullivan, P.J., concurring in part, dissenting in part)*(quoting* DUI Traffic Citation, Op. Att'y Gen. (Jan. 6, 1987)).

¶8. "Specifically, 63-11-30(1)(c) is designated for persons testing above .10 percent blood alcohol content; 63-11-30(1)(a) is either for persons not tested or for persons not registering above .10 percent blood alcohol level." ***Id.*** at 1363.

¶9. The void for vagueness doctrine states, "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process." ***Meeks v. Tallahatchie County***, 513 So.2d 563, 565 (Miss.1987) (*quoting **Connally v. General Constr. Co.**, 269 U.S. 385, 391, 46 S.Ct. 126, 127-28, 70 L.Ed. 322, 328 (1926)*). "[A] criminal statute is unconstitutional under the due process clause of the Fourteenth Amendment if it is so vague and uncertain that it does not inform those subject to it what acts it is their duty to avoid, or what conduct on their part will render them liable to its penalties.... 'The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" ***Cassibry v. State***, 404 So.2d 1360, 1367-68 (Miss.1981) (*quoting **Jordan v. DeGeorge**, 341 U.S. 223, 231-32, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951)*); *see also **Reining v. State***, 606 So.2d 1098, 1103 (Miss. 1992).

¶10. In ***Government of Virgin Islands v. Steven***, 134 F.3d 526 (3rd Cir. 1998), the Third Circuit noted that courts have consistently rejected constitutional vagueness challenges to statutes containing the term

"under the influence." *Id.* at 528; *see People v. Seefeldt*, 112 445 N.E.2d 427 (Ill. App. Ct. 1983) (upholding constitutionality of a statute prohibiting driving "under the influence of intoxicating liquor"); *State v. Campbell*, 681 P.2d 679 (Kan. Ct. App. 1984)(finding that the term "driving under the influence" does not render a statute void for vagueness). There, the Third Circuit analyzed Title 20 V.I.C. § 493(a)(1) which provides, in relevant part, that "[i]t is unlawful for any person who is under the influence of an intoxicating liquor ... to drive, operate, or be in actual physical control of, any motor vehicle within the Territory." 134 F.3d at 528 (emphasis added).

¶11. In addition, the Third Circuit noted that courts have recognized for over half a century that driving "under the influence" is commonly understood to mean driving in a state of intoxication that lessens a person's normal ability for clarity and control. *Id.*; *see*, *e.g*, *Weston v. State*, 65 P.2d 652, 654 (Ariz. 1937); *State v. Graham*, 222 N.W. 909, 911 (Minn. 1929). The Third Circuit reasoned that "[t]his common understanding is consistent with the obvious purpose of drunk driving statutes; i.e., to prevent people from driving unsafely due to an alcohol-induced diminished capacity. Because driving 'under the influence' is commonly understood, it therefore puts citizens on fair notice of proscribed conduct...." 134 F.3d at 528.

¶12. Following the above reasoning, we conclude that Miss. Code Ann. § 63-11-30(1)(a) is not void for vagueness and does sufficiently provide fair notice of the proscribed conduct. Through §63-11-30(1)(a), the average person is put on notice that drinking intoxicating liquors and subsequently driving a motor vehicle is prohibited. Common understanding and practice recognize that Leuer's behavior here is most consistent with being "under the influence" of intoxicating liquors, and thus clearly supports his conviction for DUI. Officer Harper had a reasonable suspicion that Leuer was driving "under the influence" when he observed Leuer run off the road onto the shoulder, make a left turn and then go out into the middle of the roadway at 2:30 a.m. Once Leuer pulled over, Harper observed that Leuer smelled strongly of alcohol and had glassy eyes and difficulty speaking. Harper opined that Leuer was "under the influence" of intoxicating liquor. Leuer admitted having alcoholic drinks earlier in the evening, but predictably denied having anything else since 10:30 p.m. Finally, he tried to excuse his careless driving by offering that his date was sick and needed to "throw up."

¶13. Leuer refused the intoxilyzer according to Officer Harper, and Leuer testified contrarily that the machine would not register. The record reveals that no test results were obtained. Since no BAC analysis was available, subsection (1)(a) is the offense committed as it is a different method of proving the same crime-DUI. *See Young v. City of Brookhaven*, 693 So.2d 1355, 1358 (Miss. 1997). Accordingly, this assignment fails.

### III.

¶14. Leuer further asserts that the careless driving statute, under which he also was convicted, is unconstitutionally vague. Miss. Code Ann. § 63-3-1213 (1996), in relevant part, provides as follows:

> Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.
>
> . . . .

He contends that the phrase "careless or imprudent manner" is vague and subjective and provides no objective criteria by which an individual is put on notice of what conduct the statute proscribes. This Court generally looks to the "plain meaning" of a statute. *Jones v. Mississippi Employment Sec. Comm'n*, 648 So. 2d 1138, 1142 (Miss. 1995). "Popular words in statutes must be accepted in their popular sense and we must attempt to glean from the statutes the legislative intent." *Chandler v. City of Jackson Civil Serv. Comm'n,* 687 So. 2d 142, 144 (Miss. 1997) (*citing Mississippi Power Co. v. Jones*, 369 So. 2d 1381, 1388 (Miss. 1979); *Dennis v. Travelers Ins. Co.,* 234 So. 2d 624, 626 (Miss. 1970)). Looking at the "plain meaning" of the language to which Leuer objects, the statute echoes the familiar tort law standard, requiring that drivers on Mississippi roads exercise the same standard of care as a prudent person would in the same circumstances. Those few jurisdictions which have considered the constitutionality of language used in careless driving statutes have found that words communicating negligence or the absence thereof are not unconstitutionally vague. *See, e.g., State v. Merithew*, 371 N.W. 2d 110, 112 (Neb. 1985) ("'carelessly or without due caution' are synonymous with 'negligently or without due care'"); *State v. Hagge,* 211 N.W. 2d 395, 397 (N.D. 1973)(statute requiring those traveling on highways to drive "in a careful and prudent manner" not unconstitutionally vague).

¶15. When our careless driving statute is coupled with the rules of the road, Miss. Code Ann. §63-3-1 *et seq*., (1996 & Supp. 1998), there is specificity sufficient to withstand constitutional scrutiny. We, therefore, find no merit to appellant's contention that the careless driving statute is unconstitutional.

## IV.

¶16. For the foregoing reasons, Leuer's convictions for driving under the influence of intoxicating liquor and careless driving are affirmed.

¶17. **CONVICTION OF CARELESS DRIVING AND SENTENCED TO PAY $50 AND ASSESSMENT COST OF $19 AFFIRMED. CONVICTION OF DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND SENTENCED TO PAY $800 AND ASSESSMENT COST OF $137 AFFIRMED. LEUER IS ORDERED TO ATTEND THE MASEP DRIVING COURSE AND SERVE 36 HOURS IN THE RANKIN COUNTY JAIL.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**