# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-KA-00787-SCT

*CHARLES EDWARD MOORE a/k/a CHARLES*
*MOORE a/k/a CHARLES E. MOORE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2012 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: BENJAMIN ALLEN SUBER |
| | GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| | JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/13/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.

### COLEMAN, JUSTICE, FOR THE COURT:

¶1.     Charles Edward Moore appeals his conviction from the Forrest County Circuit Court for felony driving under the influence (DUI), third offense. Moore raises one assignment of error on appeal, arguing that there was insufficient evidence to support his conviction. We hold that Moore's assignment of error is without merit and affirm his conviction.

### FACTS AND PROCEDURAL HISTORY

¶2. On October 26, 2011, Officer Derek Holmes was patrolling for the Hattiesburg Police Department, and he observed a gold Chevrolet Cavalier traveling southbound on McCall Avenue. Holmes stated that the vehicle appeared to be speeding and that, when he turned on his radar, he clocked the vehicle traveling forty-one miles per hour. The posted speed limit was thirty miles per hour. Holmes stated that he then turned on his blue lights and started following the vehicle. The driver of the vehicle did not seem to notice Holmes at first because he did not pull over. Holmes then turned his siren on and off.

¶3. The vehicle in question then neared Officer Jonathan Denson, who was on the side of the road preforming a separate traffic stop. The vehicle stopped in the middle of the road next to Denson. Denson testified that, when the vehicle was stopped next to him, the driver and the passenger of the vehicle did not look at him; they kept looking straight ahead. The vehicle then moved again, taking a right onto Chapel Road about forty to fifty feet in front of Denson. The vehicle continued about 100 more feet and then stopped in the middle of the road.

¶4. Once the vehicle had stopped, Holmes approached the vehicle and identified the driver as Charles Edward Moore. Holmes stated that he could smell a strong odor of alcohol coming from the vehicle and on Moore's breath. When Moore stepped out of the vehicle, he leaned against the side of the vehicle for a few seconds before he stepped to the back of the vehicle. Holmes testified that Moore said he had no disabilities and was not on any medications. Holmes further testified that Moore was swaying, his eyes were bloodshot, and his speech was slurred. Holmes said he asked Moore if he had been drinking, and Moore admitted he had drunk one-fourth of a twenty-four-ounce beer.

2

¶5.    Denson then arrived to assist Holmes.  Denson stated that he saw, within the vehicle, in plain view, one pint-sized bottle of vodka.  After further investigation, he found a second bottle under the passenger seat.  One of the bottles was three-quarters full and the other was nearly empty.  Moore admitted to having a "swallow" of the bottle that was three-quarters full, and stated that the other bottle belonged to the passenger of the car.  Holmes then read Moore his *Miranda* rights and arrested him for felony DUI.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).  Holmes stated that he arrested Moore because he was swaying and leaning on the car.  Also, Moore had admitted to drinking, and there was a strong odor of alcohol on his breath and emitting from the car.  The two pint-sized bottles never were entered into evidence.

¶6.    Due to the fact that Holmes and Denson were motorcycle officers, Officer Thomas Robinson arrived to transport Moore to the station.  Robinson testified that, in his opinion, based on knowledge he has acquired as an officer,  Moore was under the influence of alcohol.  Robinson stated:

> Well, [Moore] was sweating at the time when I came in contact with him. He had the smell of alcoholic beverage on him. He was uncoordinated.  When I took him to my car, I actually had to hold him by his arm to help him from the vehicle . . . .
>
> And once he did get to my car, I had to actually assist him a little bit to get all the way in the vehicle.

¶7.    At the station, no one asked Moore to submit to a field sobriety test, but Moore submitted to an intoxilyzer test that Holmes was certified to give.  The intoxilyzer gave an insufficient reading, and Holmes stated it was because Moore would not properly blow into the machine.  The camera that was supposed to tape Moore taking the intoxilyzer test

malfunctioned, and no tape exists. At trial, Holmes stated, Moore "would blow into [the intoxilyzer] and then he would suck in and he'd puff his cheeks up like he was going to blow in it and no air would go through it. He never gave two full blows through the calibration points."

¶8. The jury found Moore guilty of felony DUI, third offense. Moore appealed on the sole issue of whether there was sufficient evidence to establish he was driving under the influence.

## STANDARD OF REVIEW

¶9. The Court will disturb the jury verdict for a challenge to the sufficiency of the evidence only when "the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that [a reasonable jury] could not have found beyond a reasonable doubt that the defendant was guilty." *Young v. State*, 119 So. 3d 309, 315 (¶ 18) (Miss. 2013) (quoting *Hughs v. State*, 983 So. 2d 270, 275-76 (¶ 10) (Miss. 2008)). Stated another way, the Court will disturb a jury verdict when the verdict is "so contrary to the overwhelming weight of evidence that allowing it to stand would sanction an unconscionable injustice." *Gilpatrick v. State*, 991 So. 2d 130, 134 (¶ 22) (Miss. 2008) (citing *Taggart v. State*, 957 So. 2d 981, 987 (¶ 11) (Miss. 2007)). The Court views the evidence in a light most favorable to the state. *Young*, 119 So. 3d at 315 (¶ 18).

## DISCUSSION

**Whether the evidence was insufficient to support the verdict against Charles Edward Moore.**

4

¶10. Moore argues that the State failed to present sufficient evidence that he was under the influence of intoxicating liquor. Moore states that, under Mississippi Code Section 63-11-30(1), there was neither a record of Moore's blood alcohol content nor proof that the intoxilyzer machine was working properly. *See* Miss. Code Ann. § 63-11-30(1) (Rev. 2013). Further, Moore admitted to drinking only a quarter of a beer and a "swallow" of vodka, and he was cooperative and not belligerent. Despite Holmes's testimony that Moore told Holmes he had no disabilities, Moore's attorney argued at trial and on appeal that it was possible Moore had a disability keeping him from blowing properly into the intoxilyzer.

¶11. The State maintains that sufficient evidence exists under Mississippi's so-called, and, as discussed more fully below, inaccurately termed, common law DUI rule, and "[i]t is not necessary or required to have evidence from 'field sobriety' tests or 'intoxilyzer' results for the jury to find and [the] court[] to affirm a DUI conviction." The State cites *Jefferson v. State*, 138 So. 3d 263 (Miss. Ct. App. 2014), arguing that what we heretofore have referred to as common law DUI exists where blood alcohol results are unavailable, and other sufficient evidence exists to show the driver of a vehicle was impaired. *Id.* at 266 (¶ 11). The State argues that Moore's speeding, stopping in the center of the road, admission to drinking some alcohol, smell of alcohol, swaying, bloodshot eyes, and slurred speech illustrate sufficient evidence.

¶12. What has inaccurately been referred to as common law DUI actually stems from a statute, Mississippi Code Section 63-11-30, which states in pertinent part: "(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor . . . ." Miss. Code Ann. § 63-11-30(1)(a) (Rev. 2013). The

Court has interpreted Section 63-11-30(1)(a) to refer to persons not tested for their blood alcohol content or "persons not registering above .10 percent blood alcohol level." *Leuer v. City of Flowood*, 744 So. 2d 266, 268 (¶8) (Miss. 1999) (quoting *Young v. City of Brookhaven*, 693 So. 2d 1355, 1363 (Miss. 1997) (Sullivan, P.J. concurring in part, dissenting in part)). Therefore, a defendant could be subject to Section 63-11-30 without specifically testing above the legal limit. The Court has found a defendant guilty of common law DUI under circumstances in which other sufficient evidence exists to show that the defendant's "ability to operate the vehicle was impaired by the consumption of alcohol." *Young v. State*, 119 So. 3d 309, 315 (¶ 19) (Miss. 2013). The Court has defined sufficient evidence to include "slurred speech, bloodshot eyes, or erratic driving." *Evans v. State*, 25 So. 3d 1054, 1059 (¶ 11) (Miss. 2010).

¶13. In the instant case, although it is unclear whether Moore argues that the intoxilyzer machine was not working properly or that he was unable to blow correctly due to a possible disability, Moore contends that his blood alcohol content has not been established. However, as outlined above, under common law DUI, an arrestee's blood alcohol level is not necessary.

¶14. The State presented unrefuted evidence that Moore drank a "swallow" of vodka and one-fourth of a beer. Although, alone, the fact that Moore admitted to consuming a small amount of alcohol may not be sufficient evidence for common law DUI, the State presented other evidence. Moore's speech was slurred. He had to lean on his vehicle for support. He stopped in the middle of the road twice. He was not able to walk to Robinson's police vehicle without aid. He seemed uncoordinated, had bloodshot eyes, and smelled of alcohol.

6

Therefore, we hold that the evidence is sufficient to show that Moore was driving under the influence, and the assignment of error is without merit.

## CONCLUSION

¶15.    Based on all of the testimony and evidence in the instant case, the Court holds that Moore's felony DUI, third offense conviction is supported by sufficient evidence, and the Court affirms the judgment of the Forrest County Circuit Court.

¶16.    **CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE, THIRD OFFENSE, AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH CREDIT FOR TIME SERVED TO BE APPLIED, AFFIRMED.  APPELLANT SHALL PAY ALL COSTS OF COURT, A FINE OF $2000, AN ASSESSMENT OF $100 TO THE MISSISSIPPI CRIME VICTIM COMPENSATION PROGRAM AND RESTITUTION OF $250 TO THE FORREST COUNTY PUBLIC DEFENDER FUND, WITH CONDITIONS.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**