KITCHENS, Justice,
dissenting:
¶ 20. Because the evidence presented at trial was insufficient to prove that Daniel Parish was “driving under the influence” of marijuana, I respectfully dissent. ..
¶ 21. In Carr v. State, 208 So.2d 886 (Miss.1968), we held that when considering whether the State’s evidence' is sufficient to sustain a conviction, the critical inquiry is whether the evidence establishes “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.” Id. at 889.
■ ¶ 22. Here, Parish was convicted of violating Section 63 — 11—30(l)(d) of the Mississippi Code, which provides: “It is unlawful for any person to drive or otherwise operate a vehicle within this state who ... is under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law.” Miss.Code Ann. § 63 — 11—30(1)(d) (Rev.2013). Thus, the elements of this offense are: (1) driving or otherwise operating a vehicle, (2) within this state, (3) under the influence of any drug or controlled substance, and (4) the possession of this drug or controlled substance is unlawful under the Mississippi Uniform Controlled Substances Law.
¶ 23. In the present case there is sufficient evidence for the jury to have found that the State had proven three elements of this crime: (1) Parish was driving a vehicle; (2) he was driving within the confines of Rankin County, Mississippi; and (3) he had consumed marijuana,' the possession of which is prohibited by the Mississippi Uniformed Controlled Substances Law. See Miss.Code Ann. §§ 41-29-113(c)(23)(A), 41-29-139(c) (Rev.2013). Thus, our analysis must turn to- whether Parish was “driving under the influence” of marijuana.
¶ 24. In Leuer v. City of Flowood, 744 So.2d 266 (Miss.1999), this Court interpreted the term “under the influence,” as it relates to Section 63-ll-30(l)(a) of the Mississippi Code, which provides: “It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor. v .” Miss.Code. Ann. § 63 — 11— 30(l)(a) (Rev.2013). This Court determined that the statute was not unconstitutionally vague, because we defined “under the influence” as “driving in a state of intoxication that lessens a person’s normal ability for clarity and control.” Leuer, 744 So.2d at 269 (citing Gov’t of Virgin Islands v. Steven, 134 F.3d 526, 528 (3d Cir.1998)). This Court explained that this interpretation of “driving under the influence” was “consistent with the obvious purpose of drunk driving statutes; i.e., to prevent people, from driving unsafely due to an alcohol-induced diminished capacity. Because driving ‘under the influence’ is commonly understood, it therefore puts citizens on fair notice of proscribed conduct.” Leuer, 744 So.2d at 269 (quoting Steven, 134 F.3d 526 at 528). Similarly; Black’s Law Dictionary defines “under the influence” as being “deprived of clearness of mind and self-control because of drugs or alcohol.” Under the influence, Black’s Law Dictionary (10th ed.2014).
¶25. Thus, in this case, to. meet, its burden of proof, the State had to prove that Parish was driving “under the influence” of marijuana. To meet this burden, the State had to adduce evidence that Parish not only .had consumed the drug but also that the drug put Parish in a state of intoxication that lessened his ability to drive his vehicle with clarity and control. *788 The State’s primary witness at trial, James King, an officer with the Brandon Police Department, testified without objection that a person under the influence of marijuana has difficulty discerning the passage of time and has impaired depth perception. He also testified that another sign of marijuana intoxication is a driver’s inability to perform tasks which require divided attention, or, stated differently, the inability to perform multiple small tasks at the same time.
¶ 26. The majority relies upon the following information to suggest that Parish was under the influence of marijuana: that Parish approached the checkpoint slowly. However, Officer King testified that this is normal for both intoxicated and nonintoxicated drivers. Moreover, Officer King stopped Parish’ át a mandatory driver’s license safety checkpoint, not because he was operating his vehicle atypically, incompetently, or dangerously. The majority also avers that Officer King noticed that Parish had dilated pupils, reddened eyes, and slurred speech. These factors, however, do not indicate that Parish’s ability to drive was impaired. The majority also relies on the allegation that Parish exhibited eyelid and leg tremors while performing the Romberg test. The record contains no support that either of these is an indicator of marijuana consumption, let alone marijuana intoxication.' The majority further points to Parish’s blood sample’s containing active cannabinoid metabolites. However, this too merely proves consumption of some amount of marijuana, not intoxication from marijuana. Finally, the majority relies on Parish’s confession to having smoked marijuana twenty minutes before he entered the- checkpoint. Ultimately, the State has produced no evidence that Parish’s ability to operate his motor vehicle was impaired in any way from his consumption of-marijuana.
¶27. Indeed, the totality of the evidence indicates that- Parish’s ability to drive was not impaired by his consumption of marijuana. Evidence adduced at trial was to the effect that marijuana consumption affects a person’s gross motor skills before it affects his or her fine motor skills. Officer King offered no testimony, and his arrest report-did not indicate, anything unusual about Parish’s gross motor skills- during the course of the stop. Officer King testified that Parish was able to give the officer his driver’s license without fumbling, that Parish got out of the car without stumbling, and that Parish’s balance was normal throughout the course of the stop. Additionally, Officer King testified that one of the signs of marijuana intoxication is an incapacity to perform tasks requiring divided attention. The of-’ ficer gave Parish two roadside sobriety tests to determine whether he was capable of performing multiple small tasks at the same time. Parish passed both tests and displayed no signs of marijuana intoxication in their completion. Officer King also testified that the misapprehension of the passage of time is a characteristic of marijuana intoxication. Officer King said that he gave Parish the Romberg testest. The Romberg test is the only standardized roadside examination in which a driver is tested for marijuana intoxication. By having the driver tilt his head back and estí-mate when thirty seconds has elapsed, the Romberg test assesses a driver’s perception of the passage of time and a driver’s ability to perform tasks requiring divided attention. According to the arresting officer, Parish passed this test without issue. In every roadside test that the arresting officer administered to Parish to determine whether his ability to drive was impaired by marijuana consumption, Parish passed. \ »
¶ 28. Here, the1 State proved that Parish had consumed some unknown quantity *789 of marijuana. However, this Court has held that mere consumption is insufficient to prove that a criminal defendant was driving “under the influence” of an intoxicant. The same is true of alcohol consumption. Leuer, 744 So.2d at 269. To prove driving under the influence, the State must prove the drug inhibited the person’s capacity to operate his vehicle with clarity and control. The totality of the evidence adduced at trial establishes that Parish had no diminished ability to drive his car with clarity and control and that, although he had consumed marijuana at some time and in some amount, he was not intoxicated when he was observed by the arresting officer. Because Parish’s conviction is not supported by sufficient evidence, I respectfully dissent.
KING, J., JOINS THIS OPINION.